IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL MAGLIO,

    Plaintiff,

v.                                            CASE NO. 4:12-cv-636-MW-GRJ

W. DAVENPORT,

    Defendant.

_____/

## O R D E R

    Plaintiff, a state prisoner presently incarcerated at Tomoka Correctional Institution, in Daytona Beach, Florida, filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.)  Plaintiff claims that "Mr. W. Davenport," law library supervisor at Charlotte Correctional Institution in Punta Gorda, Florida, failed to acknowledge Plaintiff's legal deadline in another case and failed to make copies of Plaintiff's motion and exhibits. Plaintiff claims that summary judgment was granted to the defendants in his prior case because he was unable to properly file a response.  He seeks "an award to compensate" him "for having the summary judgment motion granted," and seeks to have the prior case re-opened.  (Doc. 1, at 16.)

    Venue is proper in a civil action not founded solely on diversity only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).   Charlotte C.I. is within the Middle District of Florida, Ft. Myers Division.  Because the events giving rise to the claims occurred in the Middle

District where the only proper defendant is also found, this case should have been filed in the Middle District.  See 28 U.S.C § 1391(b).

Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought."  In view of the fact that the Plaintiff is a prisoner proceeding *pro se,* transfer of this case rather than dismissal would be in the interests of justice.

In light of the foregoing, pursuant to 28 U.S.C. § 1406(a) this case is **TRANSFERRED** to the United States District Court for the Middle District of Florida, Ft. Myers Division.

**DONE AND ORDERED** this 18th day of December 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge